UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

THOMAS EDWARD ZAJAC and
CYNTHIA MARIE ZAJAC

    Debtors.
_____/

Case No. 24-49552
Chapter 13
Judge Paul R. Hage

THOMAS EDWARD ZAJAC
CYNTHIA MARIE ZAJAC and
Z-MAN SALES & SOLUTIONS, LLC

    Plaintiffs

v.

WBL SPO I, LLC and
WORLD BUSINESS LENDERS, LLC

    Defendants
_____/

Adv. Proc. No. 25-04002

Judge Paul R. Hage

## OPINION DENYING MOTION FOR RECONSIDERATION

This matter comes before the Court on Defendants' *Motion for Reconsideration* [Doc. No. 36] (the "Motion") with respect to the Court's *Order Denying the Defendants' Motion to Set Aside Default Judgment* [Doc. No. 32] (the "Order") entered on May 23, 2025. Because Defendants have failed to establish the existence of a "palpable defect" or otherwise meet the requisite standard for reconsideration set forth under Local Bankruptcy Rule 9024-1, the Motion is denied.

1

## I. Background[1]

Thomas Edward Zajac and Cynthia Marie Zajac (collectively, the "Plaintiffs") commenced this adversary proceeding on January 7, 2025 by filing the *Complaint* [Doc. No. 1] (the "Complaint") against WBL SPO I, LLC and World Business Lenders, LLC (collectively, the "Defendants"). Despite receiving service of the Complaint and stipulating to an extension of the deadline to respond, Defendants failed to file any responsive pleading before the adjourned answer deadline. On March 4, 2025, the Clerk of Court entered a default [Doc. No. 13]. Thereafter, Plaintiffs filed a *Motion for Default Judgment As To All Defendants* [Doc. No. 14] (the "Default Judgment Motion"). Despite being afforded ample time to do so, Defendants did not move to set aside the default nor did they file any responsive pleading with respect to the Default Judgment Motion.

Following the hearing on the Default Judgment Motion, the Court entered the *Judgment* [Doc. No. 18] on March 27, 2025. On April 10, 2025, Defendants filed the *Motion to Set Aside Default Judgment* [Doc. No. 21] (the "Motion to Set Aside") pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, made applicable under Rule 9024 of the Federal Rules of Bankruptcy Procedure.[2] Both parties

---

[1] A more detailed recitation of the factual and procedural background in this adversary proceeding can be found in the *Amended Opinion Denying Defendants' Motion to Set Aside Default Judgment* [Doc. No. 33].

[2] Hereafter, the Federal Rules of Civil Procedure will be referred to as the "Civil Rules" and the Federal Rules of Bankruptcy Procedure will be referred to as the "Bankruptcy Rules."

2

submitted extensive briefing on the Motion to Set Aside and the Court entertained oral argument on same on May 19, 2025. Following the hearing, the Court issued the Order and its *Amended Opinion Denying Defendants' Motion to Set Aside Default Judgment* [Doc. No. 33] (the "Opinion").

On June 6, 2024, Defendants filed the Motion, along with an accompanying *Brief In Support of Motion for Reconsideration* (the "Brief"), seeking reconsideration of the Order pursuant to Local Bankruptcy Rule 9024-1.

**II.     Legal Standard**

Although it goes largely unaddressed in the Motion, Local Bankruptcy Rule 9024–1(a)(3) sets forth the legal standard to apply in a motion for reconsideration. The local rule provides:

> **Grounds.** Generally, and without restricting the discretion of the court, a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, will not be granted. *The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.*

L.B.R. 9024-1(a)(3) (italicized emphasis added).

To establish a "palpable defect," the moving party "generally must point to (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Visteon Corp. v. Collins & Aikman Corp. (In re Collins & Aikman Corp.)*, 417 B.R. 449, 454 (E.D. Mich.

3

2009) (quoting *Henderson v. Walled Lake Consolidated Schools*, 469 F.3d 479, 496 (6th Cir.2006)).

However, a motion for reconsideration is not a vehicle to "raise new legal arguments that could have been raised before a judgment was issued[,]" or "introduce evidence for the first time ... where the evidence could have been presented earlier." *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014); *see also Fieger & Fieger, P.C. v. Nathan (In re Romanzi),* 2017 WL 1130091, at *2 (E.D. Mich. Mar. 27, 2017) ("A motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not.") (citations omitted); *Riverview Trenton R.R. Co. v. DSC, Ltd.* (*In re DSC, Ltd.*), 486 F.3d 940, 947 (6th Cir. 2007) (citing with approval, and applying, *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) for the proposition that "objections raised for the first time in a reconsideration motion are deemed to have been waived"); *Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 692 (6th Cir. 2012) (citations omitted) ("Arguments raised for the first time in a motion for reconsideration are untimely and forfeited on appeal.").

### III. Discussion

The Motion argues that two "palpable defects" exist which require the Court to reconsider the Order. The first alleged "palpable defect" is that the "Court and the parties did not consider all of the factors necessary to determine whether Defendants'

4

failure to responsively plead to the Complaint constituted excusable neglect." Motion, at ¶ 2. The second "palpable defect" is that the "Court and the parties unnecessarily focused on a narrowed list of meritorious defenses." *Id.* at ¶ 7.

Defendants fail to address how these alleged defects meet the definition of a "palpable defect" as set forth above. These alleged defects do not implicate newly discovered evidence or identify an intervening change in the law. Nor do Defendants identify either a clear error of law or some manifest injustice. Rather, the Motion simply presents arguments that the Defendants could have raised (but did not) at either the hearing on the Default Judgment Motion, the hearing on the Motion to Set Aside, or in their many filings in this adversary proceeding. A motion for reconsideration is not intended to give a losing party a "second bite of the apple." *See Bank of Ann Arbor*, 563 F. App'x at 476 ("reconsideration motions cannot be used as an opportunity to re-argue a case").

In any event, as explained below, neither of the purported bases for the Motion meet the requirements for reconsideration.

  a. *The Court's Analysis Of The Pioneer Factors, And The Parties' Failure To Adequately Address Them, Does Not Result In A Palpable Defect*

The Defendants argue that a "palpable defect exists" because "[t]he Court and the parties did not consider all of the factors necessary to determine whether Defendants' failure to responsively plead to the Complaint constituted excusable

neglect." Motion at ¶ 2. As this Court explained in its Opinion, a determination of whether a party's neglect of a deadline is excusable:

> ... is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission ... [including] the danger of prejudice to the [party opposing relief], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Investment Services Co. v. Brunswick Associates L.P.,* 507 U.S. 380, 395 (1993).

The Defendants' arguments with respect to the issue of excusable neglect focused almost entirely on "the reason for the delay." Specifically, the Court understands that the Defendants' excusable neglect argument was as follows:

> A cacophony of unfortunate events and miscommunication led Defendants to fail to respond to the Complaint. These events occurred during a time when Defendants' counsel's law firm was changing their primary Michigan bankruptcy counsel and Defendants themselves were changing loan analysts. Additionally, the limited appearance by Defendants' counsel created confusion in the mind of Defendants as [sic] the extent of that representation.

Motion to Set Aside, at p. 3. The "Excusable Oversight and Miscommunication" portion of the brief accompanying the Motion to Set Aside further detailed the

"breakdown in communication" that occurred between the Defendants and their counsel. *Id.* at pp. 12-13.[3]

Defendants' argument that a "palpable defect" exists because the "Court and the parties" did not consider all of the *Pioneer* factors rings particularly hollow given that Defendants' briefing does not even mention the *Pioneer* factors, much less apply them. The Court observed this in its Opinion, stating "[t]he remaining *Pioneer* factors were largely unaddressed by the Defendants in their briefing and at oral argument." Opinion at p. 15.

Defendants did make some cursory references to the prejudice of the parties in its briefing,[4] but such references were made in the context of applying the three-part *Waifersong* test for evaluating a Civil Rule 60(b) motion. *See Waifersong, Ltd.*

---

[3] Defendants also filed a *Supplemental Brief In Support of Motion to Set Aside Default Judgment* [Doc. No. 23] in support of the Motion to Set Aside, but such brief focused exclusively on various asserted defenses under Michigan usury law.

[4] The two references to prejudice of the parties were as follows:

> Plaintiffs will not be prejudiced by the setting aside of the Default Judgment. All prejudice is with Defendants as currently they have lost the $312,000.00 loaned to Defendants and the security of that loan.

Motion to Set Aside, at p. 3.

> Obviously, the Plaintiffs are prejudiced to the extent that they must prove their case on the merits. This requirement, as will be demonstrated below, is a substantial impediment to his ability to succeed in a judgment. Any prejudice that the Plaintiffs' can claim is significantly outweighed by the injustice that will occur if this case is not determined on the merits.

*Id.* at p. 8.

*v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). Defendants failed to make any arguments whatsoever with respect to the remaining *Pioneer* factors (*i.e.* good faith and length of delay) in its briefing, and such factors were mentioned, if at all, only in passing at oral argument. Despite Defendants' failure to raise any arguments related to these other *Pioneer* factors, the Court did take those factors into consideration and stated in its Opinion that it found them to be "mostly neutral in this case." Opinion at p. 15.

Defendants now seek to address the other *Pioneer* factors for the first time in the Motion, thereby improperly "rais[ing] new legal arguments that could have been raised before a judgment was issued." *Bank of Ann Arbor*, 563 F. App'x at 476. Defendants cannot now make arguments related to "prejudice to the party opposing relief," "the length of the delay," and whether they "acted in good faith" for the first time, when such arguments could have, and should have, been raised previously. *See In re Shefa, LLC*, 649 B.R. 881 (Bankr. E.D. Mich. 2023) (denying motion for reconsideration and refusing to consider arguments raised for the first time in the motion for reconsideration).

Moreover, establishing that there is a "palpable defect" is only the first step to achieving reconsideration relief as Defendants must also demonstrate that "a different disposition of the case must result from a correction thereof." L.B.R. 9024-1. Here, too, Defendants fail. As the Sixth Circuit Court of Appeals has observed,

"[t]he *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import." *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) (citations omitted). And this Court has already held that "the reason for delay *Pioneer* factor weighs heavily against a finding of excusable neglect." Opinion at p.15. Given the foregoing, the Court does not believe that further briefing and argument on the remaining *Pioneer* factors would result in a change of the outcome of this adversary proceeding.

> b. ***The Court's Analysis Of The Meritorious Defenses And The Parties' Failure To Adequately Address Them Does Not Result In A Palpable Defect***

The second "palpable defect" asserted by the Defendants was that:

> There are many meritorious defenses, some unconsidered by the Court and the parties, which should be heard through the litigation of this matter. The Court and the parties unnecessarily focused on a narrowed list of meritorious defenses.

*See* Motion at ¶¶ 6-7. In the Brief, Defendants asserted several potential defenses to Plaintiffs' claims, some of which were raised previously and some of which were being raised for the very first time.

First, as it explained in the Opinion, the Court was not required to address, and did not address, *any* of the "meritorious defenses" presented by the Defendants. Consistent with the direction from the Sixth Circuit Court of Appeals, because the Court did not find that there was excusable neglect or mistake under Civil Rule 60(b)(1), it did not consider the existence of a meritorious defense or the absence of

substantial prejudice to the Plaintiffs should relief be granted. *See* Opinion at p. 15 (discussing *Waifersong, Ltd.*, 976 F.2d at 292 ("It is only when the defendant can carry this burden [of demonstrating excusable neglect] that he will be permitted to demonstrate that he also can satisfy the other two factors")).

Defendants have not attempted to contradict this precedent which is, of course, binding on the Court. Nor have they argued that the Court's analysis in this regard was in error. Indeed, Defendants appear to acknowledge that this is the correct analysis under Sixth Circuit law.[5]

Nevertheless, most of the Brief expands upon the meritorious defense arguments that were made previously and raises new meritorious defense arguments. As noted, whether the parties "adequately or sufficiently address[ed]" these arguments makes little difference as the Court could not consider them having concluded that Defendants' neglect was not excusable. Even if the Defendants could clear the "excusable neglect" hurdle, however, the new and expanded meritorious defense arguments cannot be considered on a motion for reconsideration. *See Bank of Ann Arbor,* 563 F. App'x at 476 (A motion for reconsideration cannot "raise new legal arguments that could have been raised before a judgment was issued[,]" or

---

[5] On page 4 of the brief accompanying the Motion, Defendants state: "First [the court] must find that the default was the product of mistake, inadvertence, surprise or excusable neglect. *After so finding*, the court must determine whether the party has a meritorious defense and whether the non-moving party will be prejudiced by granting the relief." *See* Brief at p. 4 (emphasis added).

10

"introduce evidence for the first time ... where the evidence could have been presented earlier."); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir.1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.").

## IV.  Conclusion

For the reasons stated, the Court denies the Motion. The Court will enter a separate order consistent with this opinion.

**Signed on June 24, 2025**



/s/ Paul R. Hage

**Paul R. Hage
United States Bankruptcy Judge**